[Civ. No. 10305.   Second Appellate District, Division One.—October 18, 1935.]

H. P. WELBORN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Fred M. Riedman for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

SHINN, J., *pro tem.*—Petitioner, when sixty-seven years of age, was injured by a fall down the side of a steep roof on to a lower roof. The injury occurred during the course of, and it arose out of, his employment in construction work being done on a church. He sustained injury to his right shoulder, which caused pain and inflammation of the muscles, and restricted the motion of his arm. He was examined by physicians two months after his accident. They found him still suffering from his injury, and were of the opinion that temporary total disability would probably continue for a period of from three to six months after the date of the examination. They further found that he then was, and probably had been for one month, able to act as timekeeper, also as purchasing agent in the generally accepted definition of those terms, but that he was not able to earn a living as a laborer or by muscular effort. The physicians treated him for some months, at the end of which period, while very much improved, he was not yet well. It appeared that the employment in which petitioner was engaged would have continued for two and four-sevenths weeks after his injury, when the work would have been completed. Petitioner has received medical treatment and was awarded compensation for his injury for two and four-sevenths weeks. After denial of his petition for rehearing by the Industrial Accident Commission, petitioner prosecuted this proceeding to review the order of award, and claims that the evidence shows without conflict that he suffered compensable temporary total disability for some six months, and partial disability up to the time of the hearing, some four months later. Petitioner had been in the mercantile business, but for some four years prior to his employment in question had had no employment, except that "he put on and helped out on a few sales", in the mercantile business. In his application for compensation he designated his employment at the church as "general manager and timekeeper of job", although it appears that, during the work, he did odd, light jobs of a general nature, such as helping to put sheething on the roof, some painting on the roof, and in looking up materials and keeping the time of the men.

The Commission found that petitioner suffered temporary total disability for two and four-sevenths weeks and sustained no loss of earnings thereafter. If there is evidence

to sustain this finding, the award must stand. This is the only question presented. After his injury, petitioner went to the job each day until it was finished and kept the time of the men, but he did not include his own time in the payrolls. There is nothing in the record to show that at the expiration of the two and four-sevenths weeks petitioner was unable to follow the occupation in which he was injured. He was neither an artisan nor a laborer, nor was he employed as such. The evidence fairly shows that his duties did not call upon him to perform manual labor. Others were employed for that purpose. The very meager statements of petitioner as to the help he gave to the skilled workmen show that his assistance was given voluntarily and that it was wholly inconsequential. In order to uphold petitioner's contention, we would have to find that the evidence shows without substantial conflict that petitioner was engaged in manual labor at the time of his injury and in an occupation which he was unable to resume on account of his injuries. The record does not warrant such a holding. The evidence supports the findings of the Commission which were adverse to petitioner upon this question of fact.

The award is affirmed.

Houser, P. J., and York, J., concurred.